**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ANTONIO JENKINS and MICHAEL
MARTINEZ, on his own behalf and on
behalf of those similarly situated

    Plaintiffs,

v.                                      Case No: 2:12-cv-677-FtM-38DNF

NORTH TEXAS MAINTENANCE, INC.
and CLINT HEMBY,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Entry of Default Final Judgment Against Defendants, North Texas Maintenance, Inc. and Clint Hemby (Doc. #19) filed on April 8, 2013. No response has been field and the time to respond has expired.

On February 20, 2013, the Magistrate Judge issued an Order (Doc. # 15) granting Plaintiff's Motion for Clerk's Default against Defendant North Texas Maintenance, Inc. for its failure to respond to Plaintiff's Complaint after service. A Clerk's Entry of Default (Doc. # 16) was issued on February 21, 2013, against Defendant North Texas Maintenance, Inc. On March 6, 2013, the Magistrate Judge issued an Order (Doc. # 17) granting Plaintiff's Motion for Clerk's Default against Defendant Clint Hemby for his failure to respond to Plaintiff's Complaint after service. A Clerk's Entry of Default (Doc. # 18) was issued on March 7, 2013, against Defendant Clint Hemby.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

> The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit [ ] the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975).[ ] The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. At that point, the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought. See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (citing Nishimatsu, 515 F.2d at 1206)[ ].

Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x at 863 (footnotes omitted).

On January 28, 2010, plaintiff Antonio Jenkins filed a Complaint and Demand for Jury Trial (Doc. #1) on behalf of himself and others against Defendants North Texas Maintenance, Inc., Clint Hemby, and Peter McNeal [1] to recover overtime compensation under the Fair Labor Standards Act (FLSA). Plaintiff alleges that Defendant North Texas is a foreign profit corporation operating and conducting business in Lee County,

---

[1] On February 12, 2013, Plaintiff filed a notice of voluntary dismissal of the only other Defendant, Peter McNeal. (Doc. #14).

2

Florida and the State of Texas. Defendant Hemby resides in the State of Texas and was the Director of North Texas. Plaintiff alleges that Defendant Hemby is an employer in that he acted, directly or indirectly, in the interests of North Texas against Plaintiff and all other similarly situated employees. Plaintiff further alleges that Defendants are a covered enterprise with at least two employees engaged in interstate commerce and over $500,000 a year in gross sales. Plaintiff alleges that he was "engaged in commerce" and an "employee" subject to individual coverage and is a non-exempt employee under the FLSA.

Plaintiff alleges that he worked as a Supervisor-Lawn Care Maintenance worker in excess of forty (40) hours in a given workweek without receiving one and one-half times the regular rate of pay for overtime hours worked. Plaintiff seeks overtime compensation at a rate of one-half times his regular rate for those hours.

The Complaint in this case makes detailed factual allegations as to plaintiff Antonio Jenkins (Doc. # 1, ¶¶ 21-27), but only generic conclusions as to the opt-in plaintiffs (Doc. # 1, ¶¶ 28). This, of course, is hardly surprising since presumably counsel did not know the identities of such persons at the time the Complaint was filed. While the factual matters deemed admitted in the Complaint for Antonio Jenkins and the affidavit of Plaintiff Jenkins are sufficient to make the determination of damages as to him, a matter which can be readily calculated, the same is not true as to the opt-in Plaintiffs. Thus, Defendant is entitled to notice and a hearing as to the damages suffered by the opt-in Plaintiffs, Michael Martinez and David Clay.[2]

---

[2] A default judgment may be entered without a hearing if the claim "is for a sum certain or a sum that can be made certain by computation" upon the plaintiff's request with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). Such a hearing is not required where all the essential

3

Plaintiff Jenkins further requests attorneys' fees and costs be entered. 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA. Plaintiff's counsel has submitted detailed bills attached to the affidavit of attorney Angeli Murthy in support of the fees and costs request. The Court will deny the requests for fees and costs without prejudice because at this point the only fees and costs Plaintiff is entitled to are those expended on behalf of the prevailing Plaintiff, Antonio Jenkins. The Court cannot tell how much time was spent on Mr. Jenkins case. Plaintiff may re-move for attorney's fees and costs on behalf of Mr. Jenkins only.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Motion for Entry of Default Final Judgment Against Defendants, North Texas Maintenance, Inc. and Clint Hemby (Doc. #19) is **GRANTED in part and DENIED in part.** Plaintiffs' request for entry of default judgment against Defendants is **GRANTED** as to Plaintiff Antonio Jenkins <u>**ONLY**</u> and DENIED as to Plaintiffs Martinez and Clay.

(2) The Clerk shall enter judgment in favor of Plaintiff Antonio Jenkins and against Defendants North Texas Maintenance, Inc. and Clint Hemby in the

---

evidence is already of record and the amount claimed is a liquidated sum or one capable of mathematical calculation. <u>SEC v. Smyth</u>, 420 F.3d 1225, 1231 n. 13 (11th Cir. 2005); <u>Adolph Coors Co. v. Movement against Racism & Klan</u>, 777 F.2d 1538, 1543–44 (11th Cir. 1985). In this case, each Plaintiff (including the opt-in Plaintiffs) have submitted an affidavit to the Court showing the hours worked for which they were not paid overtime. (Docs. #19-5, 19-6, 19-7). The Certificate of Service for the Motion for Default and the affidavits does not indicate that it was sent to the Defendants though. Plaintiffs' attorney has also submitted an Affidavit for Reasonable Attorneys' Fees. (Doc. #19-9). .

amount of $11,422.65 in unpaid overtime wages, plus an equal amount for liquidated damages, **for a total of $22,845.30, jointly and severally**.

(3) Plaintiffs' request for attorney's fees and costs is **DENIED without prejudice**.

(4) A hearing will be held to determine damages as to the opt-in plaintiffs as to Defendants North Texas Maintenance, Inc. and Clint Hemby on **July 2, 2013 at 9:30 a.m.**, Courtroom D, Fifth Floor, before the undersigned. A separate Notice of Hearing shall issue.

(5) The Clerk of the Court shall provide a copy of this Opinion and Order and the Notice of Hearing to all Defendants at the last known address in the Court file.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of June, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record