UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO JENKINS, MICHAEL
MARTINEZ and DAVID CLAY, on his
own behalf and on behalf of those
similarly situated,

    Plaintiffs,

v.                                             Case No:  2:12-cv-677-FtM-38DNF

NORTH TEXAS MAINTENANCE,
INC. and CLINT HEMBY,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiffs' Motion for Entry of Default Final Judgment Against Defendants, North Texas Maintenance, Inc. and Clint Hemby (Doc. #19) filed on April 8, 2013. Plaintiff Antonio Jenkins and Opt-In Plaintiffs Michael Martinez and David Clay, request that final default judgment be entered in their favor against Defendants. The Court previously granted Plaintiff Jenkins' request for default judgment and entered default in the amount of $22,845.30, against the Defendants. (Doc. #21). In that Order, the Court denied Opt-In Plaintiffs Martinez and Clay's request for entry of final default because the Complaint did not provide any detailed factual

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

allegations as to these Plaintiffs, and it was not clear from the record that Defendants were provided notice of the amounts in overtime wages claimed by Martinez and Clay. Thus, the Court found that Defendants were entitled to notice and a hearing as to the amount of damages suffered by the Opt-In Plaintiffs, Martinez and Clay. The Court held a hearing on July 17, 2013. Plaintiff's counsel appeared in person and Martinez appeared telephonically. Copies of all Court Orders pertaining to the default issue and the notices of hearing were mailed by the Court to Defendants North Texas Maintenance, Inc. and Clint Hemby's last known addresses. Therefore, Defendants were provided notice of the hearing and were afforded the opportunity to appear and defend regarding the amount of damages alleged to be due and owing in this matter but failed to appear.

On February 20, 2013, the Magistrate Judge issued an Order (Doc. # 15) granting Plaintiff's Motion for Clerk's Default against Defendant North Texas Maintenance, Inc. for its failure to respond to Plaintiff's Complaint after service. A Clerk's Entry of Default (Doc. # 16) was issued on February 21, 2013, against Defendant North Texas Maintenance, Inc. On March 6, 2013, the Magistrate Judge issued an Order (Doc. # 17) granting Plaintiff's Motion for Clerk's Default against Defendant Clint Hemby for his failure to respond to Plaintiff's Complaint after service. A Clerk's Entry of Default (Doc. # 18) was issued on March 7, 2013, against Defendant Clint Hemby.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only

so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

On January 28, 2010, Plaintiff Antonio Jenkins filed a Complaint and Demand for Jury Trial (Doc. #1) on behalf of himself and others against Defendants North Texas Maintenance, Inc., Clint Hemby, and Peter McNeal [2] to recover overtime compensation under the Fair Labor Standards Act (FLSA).  Plaintiff alleges that Defendant North Texas is a foreign profit corporation operating and conducting business in Lee County, Florida and the State of Texas.  Defendant Hemby resides in the State of Texas and was the Director of North Texas.  Plaintiff alleges that Defendant Hemby is an employer in that he acted, directly or indirectly, in the interests of North Texas against Plaintiff and all other similarly situated employees.  Plaintiff further alleges that Defendants are a covered enterprise with at least two employees engaged in interstate commerce and over $500,000 a year in gross sales.  Plaintiff alleges that he was "engaged in commerce" and an "employee" subject to individual coverage and is a non-exempt employee under the FLSA.

The Court received sworn testimony from Martinez at the hearing.  The record further reflects a sworn affidavit filed by Martinez at Doc. #19-6.  He testified and swears that he was employed by Defendants from approximately January 18, 2012 until May 21, 2012, to perform lawn maintenance duties.  He generally worked 5-7 days per week, and approximately 50-75 hours per week.  During his employment, he was paid a bi-

---

[2] On February 12, 2013, Plaintiff filed a notice of voluntary dismissal of the only other Defendant, Peter McNeal.  (Doc. #14).

weekly salary of $650.00. He understood that his weekly salary was to compensate him for a 40-hour workweek. He had reviewed the records and hours kept by Plaintiff and the records were accurate to his recollection. He calculated that he worked 320 overtime hours during his employment. Based upon the testimony of Martinez, his sworn affidavit, and after affording the Defendant notice of the amount of damages claimed by Martinez, as well as the opportunity to defend, the Court finds that default judgment is due to be entered in favor of Martinez, against Defendants in the amount of $3,897.60 in unliquidated damages, and an equal amount of liquidated damages, for a total of $7,795.20.

With regard to Plaintiff Clay, who did not appear at the hearing, there is a sworn affidavit in the record before the Court. (Doc. #19-7). The Court accepted argument of his counsel regarding Plaintiff Clay and the amount of damages he is owed. He swears that he was employed by Defendants from approximately September 1, 2011 until December 4, 2011, and then from April 2012 until May 2012, to perform lawn maintenance duties. He generally worked 5-7 days per week, and approximately 50-75 hours per week. During his employment, he was paid a bi-weekly salary of $750.00. He understood that his weekly salary was to compensate him for a 40-hour workweek. He had reviewed the records and hours kept by Plaintiff and the records were accurate to his recollection. He calculated that he worked 348 overtime hours during his employment. Based upon Plaintiff Clay's sworn affidavit and the argument of counsel, and after affording the Defendant notice of the amount of damages claimed by Clay, as well as the opportunity to defend, the Court finds that default judgment is due to be

entered in favor of Clay, against Defendants in the amount of $4,889.40 in unliquidated damages, and an equal amount of liquidated damages, for a total of $9,778.80.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Motion for Entry of Default Final Judgment Against Defendants, North Texas Maintenance, Inc. and Clint Hemby (Doc. #19) is **GRANTED** as to Plaintiffs Michael Martinez and Clint Hemby.

(2) The Clerk shall enter judgment in favor of Plaintiff Michael Martinez and against Defendants North Texas Maintenance, Inc. and Clint Hemby in the amount of $3,897.60 in unpaid overtime wages, plus an equal amount for liquidated damages, **for a total of $7,795.20, jointly and severally**.

(3) The Clerk shall further enter judgment in favor of Plaintiff David Clay and against Defendants North Texas Maintenance, Inc. and Clint Hemby in the amount of $4,889.40 in unpaid overtime wages, plus an equal amount for liquidated damages, **for a total of $9,778.80, jointly and severally**.

(4) The Clerk is thereafter directed to terminate all previously scheduled deadlines and **CLOSE the file**. The Court will continue to retain jurisdiction over this matter for the sole purpose of determining the issue of attorney's fees and costs.

(5) As Plaintiffs were previously granted leave to do so, Plaintiffs may file a motion for attorney's fees and costs on or before **July 31, 2013**.

(6) The Clerk is directed to provide a copy of this Order to all Defendants at the last known address in the Court file.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of July, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record